OCT 13 2022 PM3:07
FILED - USDC - BPT - CT

UNITED STATE DISTRICT COURT
DISTRICT OF CONNENTICUT

RALSTON BROWN,                                    :

                                                 :
                                                 : CIVIL ACTION
                    Plaintiff,                    : No.
VS.

                                                 :
STATE OF CONNECTICUT                              :
DEPARTMENT OF PUBLIC SAFETY               : OCTOBER 13, 2022

              Defendant.

### COMPLAINT AND REQUEST FOR INJUNCTION RELIEF

The Plaintiff Ralston Brown herein, and after, the plaintiff, is now, and at all time mentioned in this complaint a citizen of the United State, who is a resident of Connecticut at 102 Harral Avenue in the City of Bridgeport, Fairfield County of, Connecticut 06604, brings this action for the purpose of seeking relief.

Defendant is The State of Connecticut Department of Public Safety at all times herein mentioned, is a government agency for the State of Connecticut organized and existing under the laws of the State of Connecticut with principal offices located at 1111 Country Road in the City of Middletown, County of Middlesex, Connecticut 06457

### Jurisdiction

Rules 65 (a)

This Court has jurisdiction over this action pursuant to Sections Fourteenth Amendment of the constitution. 28 U.S.C.1331 1337 (a)

This Court has jurisdiction over this action pursuant to Sections Fourteenth Amendment of the constitution. 41U.S.C. 6503

This Court has jurisdiction over this action pursuant for compensatory and punitive damage that exceed the $75,000 jurisdiction of this court.

**Statement of Claim**

Prior to the date of this complaint, the plaintiff enters into a plea agreement with the State of Connecticut. The plaintiff completed his portion of the agreement including a three-year probation. Beginning on or about October 1, 1998 the Connecticut Department of Public Safety violated the plea agreement and the plaintiffs Fourteen Amendment procedural due process by unlawfully mandating that the plaintiff register as a sex offender.

The imposed conditions of the Connecticut Department of Public Safety imply the plaintiff is dangerous, which violated and deprives the plaintiff of the Fourteen Amendment procedural due process clause of liberty interest-his reputation combined with the alteration of his status under state law-without notice or a meaningful opportunity to be heard. The plaintiff alleged that he innocent was and is not "dangerous and the State did not provide the plaintiff any opportunity to contest the added conditions imposed by the Connecticut Department of Public Safety.

The State had not satisfied the mandate of the Due Process Clause because it failed to afford the plaintiff any notice or opportunity to be heard on the issue of his current dangerousness before disclosing his registry information to the public. The Connecticut Department of Public Safety has not provided the plaintiff with any opportunity to challenge the stigmatizing allegation, implied by his inclusion in the publicly available registry, that he is a dangerous sex offender.

The violation of constitutional rights and stigma of the registry has cause and continue to cause the plaintiff irreparable injuries, which the plaintiff finds it necessary to seek withdrawal of the October 21, 1993 plea. The plaintiff plea is not intelligently made and violated the plaintiff constitutional procedural rights to due process.  The Fourteen Amendment constitutional right to

due process was enacted to protect against this very action from the states. Due process prevent citizen from being trick or coherst out of their constitutional rights.

The plaintiff also seeks a plea withdrawal on the grounds, the mandate of the sex offender registry eliminates the risk the plaintiff would have face had he taking the matter to trial. There was no advantage in entering a plea agreement with the Defendant.

The plea resulted from the denial of effective assistance of counsel, there was no factual basis for the plea. The defendant communicated, after the plaintiff make the plea, he would be release as time served on the jail sentence portion of the plea agreement, then three years' probation. The plea agreement represents a charge that is worse than the plaintiffs original charge. The defendant did not honor the entrapped indorsement plea.  The stipulation of the registry breach the alpha doctrine plea agreement contract.

The Plaintiff ignorant as to where the communicated plea agreement was misrepresented or altered to fit the justification of the Connecticut Department of public Safety for registration requirement. If necessary, the Plaintiff will amend this complaint to allege the true capacities of the misrepresentation when ascertained.

## Allegation and Irreparable Injury
### Count One

1.      On March 22, 1993 the defendant was arrested for attempt sexual assault. The defendant was 17 years old and had no prior arrest. The defendant maintained that he was innocent of the charged however remained incarcerated because he could not post the $50,000 bond. Several months pass while the defendant continues to maintain his innocent.

2.      Around September, 1993 the State made an offer that if accepted, the Plaintiff would be release from incarceration.  The inducement of the plea agreement was the plaintiff would be released from incarceration for time served and plaice on 3 years probations.

3.      The plaintiff pled not guilty and continued to maintained his innocents.   The court asked the defendant why he pled not guilty when he indicated to his attorney, he would accept the offer. The Plaintiff told the court that he would like to go home but he was innocent of the charges.

4.      The State communicated to the plaintiff's attorney, the plaintiff could make his plea under the Alpha Doctrine and maintained his innocents. The case was continued for the attorney to explain a Alpha Doctrine plea.

5.      the plaintiff understanding of what was explained, the plaintiff was not pleaing guilt to the charges however could accepted the offer and get release from incarceration.

6.      On October 21, 1993 the plaintiff accepted the plea (under the Alpha doctrine) to sexual assault third.   As to the term of the plea agreement the defendant completed his sentence which included the three years' probation.

7.      On October 1, 1998 Connecticut enacted its version of the Megan's law.  On May 12, 1999 without any opportunity to contest the added conditions imposed, the Connecticut Department of Public Safety advised the plaintiff he was required to comply with the sexual offender registry Statute.

8.      The stigma of the registry has cause and continue to cause the plaintiff irreparable injuries and financial hardship by law enforcement, who use the stigma from the registry to falsely arrest the plaintiff. The police report is then written to circumvents discloser of the registry information.  The false charges and the plaintiff registration information are included in the police report, to gives the newspapers legal justification to publish the false arrest, false charges and the plaintiff registration information.

9.      The plaintiff is burden with financial hardship and mental anguish to defend from this false arrest. The injuries and hardship include, but are not limited to, posting bond, attorney

4

fees, numerous court appearance in the defense against this unwarranted abuse of law enforcement power, the denial of entry to other country, denial of employment at various companies, the denial of housing, false disclosure that the plaintiff is a murderer and convicted registered sex offender in a blog on the internet, the plaintiff image with subception that display, protect your children, combined with the deprivation of liberty interest of reputation and alteration of the status under state laws.

10.     The defendant does not have control over how the registry information is shared to the public. The defendant allows third parties like Google and other search engine to disclose false and registry information on the internet.

11.     Most recent and what prompted this civil action, the state of Connecticut Department of public Safety issued a warrant and arrested the plaintiff.  See attach **Exhibit A** The warrant falsely claims the plaintiff is noncompliance of registration requirement.

12.     The Connecticut Department of public Safety required the plaintiff verify his residential address every 90 days. To be in compliance, the verification letter must be sign and returned to the Connecticut Department of public Safety within ten (10) day of postmark. The pre address portion of the envelop to return the letter is often extremely difficult to make out, if the envelop is used its likely the address verification letter will get lost in the mail.

13.     The plaintiff often gets another envelope, put the signed verification letter and envelope, in another envelope and mail it back to the defendant.  Often the defendant sends multiple verification letters despite receiving the a on timed returned verification letter.

14.     The Connecticut Department of Public Safety claim the plaintiff is in violation of register requirement since February 2022, however, has not notified the plaintiff that he is in violation. The defendant has sent and has receive back several address verification letters from the plaintiff since the period of time it claims the plaintiff is in violation.

15.     The plaintiff would not have entered into a plea agreement with the defendant if he was advised of the risk or consequences of accepting the alpha doctrine plea would subject him to a life time sentence of complying with a sex offender registry.

16.     Beginning on or about October 1, 1998 and continuing to the present time, defendants, and each of them, wrongfully and unlawfully violated and deprives the plaintiff of the Fourteen Amendment procedural due process.

17.     On or about October 1, 1998 and a number of times since then, plaintiff Ralston Brown has demanded that defendants stop their wrongful conduct described above. Defendants, and each of them, have refused and still refuse to refrain from their wrongful conduct.

18.     The plaintiff maintains his innocent and the record support the plaintiff's innocent. However, despite doubt of any sexual assault, or doubt that event occurred as stated in the police report, the prosecutor (the State) moved for a plea agreement with the plaintiff, entrapping the plaintiff by suggesting that the plaintiff could maintain his innocence under the alpha doctrine.

19.     Defendants' wrongful conduct unless and until enjoined and restrained by order of this court, will cause great and irreparable injury to plaintiff.

20.     The Plaintiff has no adequate remedy at law for the injuries currently being suffered. It will be impossible for plaintiff to determine the precise amount of damage which the plaintiff will suffer if defendants' conduct is not restrained. The plaintiff will be forced to institute a multiplicity of suits to obtain adequate compensation for punitive injuries.

**Count Two Grounds for Allowing Plea Withdrawal**

Paragraphs 1-20 of Count one is incorporated herein by reference.

(1) The plaintiff seeks to withdrawal of his October 21, 1993 plea because the plea was not intelligently made. The Plea violated the plaintiff constitutional procedural rights to due process

because the plea was not accepted according to the provision set forth in Connecticut General Statue. Sec. 39-27.

(2) The plaintiff was not advised of the risk or consequences of accepting the alpha doctrine plea would subject him to a life time sentence of complying with a sex offender registry.

(3) The plea was involuntary, or not intelligently, in which the finding of guilty was without knowledge of the nature of the charge or without knowledge that the sentence actually imposed could be imposed;

(4) The plea resulted from the denial of effective assistance of counsel.

(5) There was no factual basis for the plea,

(6) The sentence exceeds that specified in a plea agreement on which the judicial authority had deferred its decision to accept or reject the agreement at the time the plea of guilty was entered,

(7) The plea was accepted without substantial imposition of the maximum authorized penalty in compliance with Connecticut General Statue Section 39-19,

(8) According to the provision set forth in Connecticut General Statue. Sec. 39-10. And 39-21 The judicial authority should have rejected the plea agreement.

(9)     The communicated information which induces the plaintiff to accept a plea agreement did not contain the requisite which require a life time registration with Connecticut Department of Public Safety.

10.     The defendant is in violation of Title 42, U.S.C., Section 14141- Pattern and Practice. The defendant deprives the plaintiff of rights protected by the constitution and laws of the United States.

11.     The mandate of the sex offender registry imposed an illegal sentence.

**Count Three Grounds for Allowing Plea Withdrawal**

Paragraphs 1-20 of Count one is incorporated herein by reference.

(1) The mandate of the sex offender registry eliminates the risk the plaintiff would have face had he taking the matter to trial.

(2) There was no advantage or benefit in entering a plea agreement with the Defendant because the plea agreement represent a charge that is worst off that the plaintiffs original charge.

(3) The plaintiffs original charge is attempted sexual assault 2nd (which the plaintiff denied) represented that there was no sexual intercourse involved in the matter.

(4) The plea agreement is sexual assault 3rd which falsely represent violence and intercourse which is not supported by the records.

**Count Four Breach of Contract/ Agreement**

Paragraphs 1-20 of Count one is incorporated herein by reference.

(1) An Alfred Plea should have prevented the defendant from adding any additional sentence to the plaintiff plea agreement.

(2) Every contract carries an implied duty "requiring that neither party do anything that will injure the right of the other to receive the benefits of the agreement.

(3) The purpose of a contract is to have trust, good faith and fair dealing in the performance within the contract. The plaintiff believed the defendant would fulfill the terms of the contract breach trust and good faith in the contract.

4.   The sentence breaches the plea agreement because the added stipulations exceed the sentence specified in the plea agreement, on which the prosecutor used to induce the plaintiff out of his constitutional rights.

   <u>RELIEF</u>

8

**WHEREFORE,** the plaintiff respectfully requests pray judgment against The State of Connecticut Department of Public Safety and each of them, as follows:

The plaintiff request the Court issued a temporary restraining order, a preliminary injunction and permanent injunction all enjoining defendants, and each of them, and their agents, servants, employees, and all persons acting under, in concert with, or for them, prohibiting them from "disclosing or disseminating registry information to the public, either in printed or electronic, form , website, the internet, search engine, (ect Google, Bing,) News outlet (Heart Connecticut Media Group) and other third parties.

The plaintiff request the Court grant the withdrawal of the plaintiff's October 1993 plea, an order restricting the defendant from retrying the case, and an order requiring defendants to show cause, if any they have, why they should not be enjoined as hereinafter set forth, during the pendency of this action.

As a result of defendants' wrongful conduct, the plaintiff has been damaged from the illegal sentence.  The plaintiff will be further damaged in like manner so long as defendants' conduct continues. The plaintiff seeks an award compensatory and punitive damage, and other relief as the court may feel equitable.

<u>Certification and Closing</u>

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for

further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.


Date of signing    10/13/22


**THE PLAINTIFF**, Ralston Brown


Ralston Brown
102 Harral Ave
Bridgeport, CT 06604
(475) 210-8166

## Title, Allegation and Counts

| State of Connecticut vs. *(Name of accused)* | Residence *(Town)* of accused | Docket number |
|---|---|---|
| **Brown, Ralston, L.** | **Bridgeport** | |

| Address | | Date of birth | The undersigned Prosecuting |
|---|---|---|---|
| **102 Harral AVE** | | **09/07/1975** | Authority of the State of Connecticut charges that: |

| To be held at *(Town)* | Geographical area number | Court date | |
|---|---|---|---|
| **Bridgeport** | **02** | | |

| Count One —— Did commit the offense of: | | Continued to | Purpose | Reason |
|---|---|---|---|---|
| **FL TO REGISTER-MINOR/NONVIOLNT** | | | | |

| At *(Town)* | On or about *(Date)* | In violation of General Statute number |
|---|---|---|
| **Bridgeport** | **02/25/2022** | **54-251** |

Count Two —— Did commit the offense of:

| At *(Town)* | On or about *(Date)* | In violation of General Statute number |
|---|---|---|
| | | |

Count Three—— Did commit the offense of:

| At *(Town)* | On or about *(Date)* | In violation of General Statute number |
|---|---|---|
| | | |

☐ See other sheet for additional counts

Data 8/4/22    Signed *(Prosecuting Authority)*

## Court Action

| Defendant advised of rights before plea | Bond | Surety | ☐ 10 % | Election | *(Date)* |
|---|---|---|---|---|---|
| | | | ☐ Cash | ☐ CT  ☐ JY | |

*(Judge)*        *(Date)*     ☐ Attorney  ☐ Public defender   Guardian

Bond change        Seized property inventory number

| Count | Plea date | Plea | Plea withdrawn Date | New plea | Verdict finding | Fine | Remit | Additional disposition |
|---|---|---|---|---|---|---|---|---|
| **1** | | | | | | $ | $ | |
| **2** | | | | | | $ | $ | |
| **3** | | | | | | $ | $ | |

| Date | Other Court Action | Judge |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

| Receipt number | Cost ☐ IMP  ☐ NCI | Bond information ☐ Bond forfeited  ☐ Forfeiture vacated  ☐ Forfeiture vacated and bond reinstated | |
|---|---|---|---|

| Application fee - receipt number if paid | Circle one W I Q | Program fee - receipt number if paid | Circle one W I Q | Probation fee - receipt number if paid | Circle one W I Q |
|---|---|---|---|---|---|

| Prosecutor on original disposition | Reporter/monitor on original disposition | Signed *(Clerk)* | Signed *(Judge)* |
|---|---|---|---|

This is page 1 of a 2 page information

*Ex. A*

**Arrest Warrant**

| Geographical area number | 02 | **State of Connecticut vs.** Brown, Ralston, L. | 9/7/1975 |

To: Any Proper Officer of the State of Connecticut

By Authority of the State of Connecticut, you are hereby commanded to arrest the body of the within-named accused. *("X" all that apply)*

☐ **A.** Accused is ordered to be brought before a clerk or assistant clerk of the Superior Court.

☐ **B.** Accused is not entitled to bail.

If A, B or both are checked above, you shall without undue delay bring the arrested person before the clerk or assistant clerk of the Superior Court for the geographical area where the offense is alleged to have been committed, or if the clerk's office is not open, to a community correctional center within said geographical area, or the nearest community correctional center if no such center exists in the geographical area, or to the Correctional Institution, as the case may be.

☑ **C.** Bail set at $ 25,000.00  U/S

☐ **D.** Non-financial conditions of release:

_____

_____

_____

| | Extradition boundaries established by prosecutor |

☐ **E.** Conditions of release not determined by the court.

| By the Court | Signed(Judge of the Superior Court) *Velden* | Date 8/4/22 | Name of the Judge (Print or type) *Velden* |

## Return On Arrest Warrant

| Geographical area number | Town of BRIDGEPORT | Date 10/12/22 | **State of Connecticut** |

Then and there, by virtue of the within and foregoing complaint and warrant , I arrested the body of the within-named accused and read the same in the hearing of said accused; and have said accused here in court for examination.

Attest *(Officer's signature and Department)*

| Date | Other Court action | Judge |
|------|--------------------|-------|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |